THIBODEAUX, Chief Judge,
dissenting in part.
hi agree with the majority’s reversal of the judgment addressing child support. I *167 disagree with the remainder of the majority’s opinion.
The majority’s analytical approach is flawed. Treating this case as one involving custody and not visitation is incorrect. Visitation is the issue, not custody. All parties agree to this. Parental fitness to which Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), applies is not an issue between Dr. Barnes and Dr. Granger, and neither is attempting to modify the previous joint custody implementation order with respect to physical custody.
It is correct that La.Civ.Code art. 136 refers to visitation where a parent does not have custody or joint custody. Article 136, however, is meant to address entitlement to visitation. One’s entitlement to visitation does not necessarily foreclose any consideration of visitation pursuant to La. R.S. 9:335 which may encompass the extent of visitation where joint custody exists, as here. Visitation is a component of a joint custody implementation order under La. R.S. 9:335. If the majority’s rationale is followed, then every conceivable deviation would result in a renewed custody determination implicating different standards of review, depending upon whether the initial custody decree was a considered decree or a stipulated | judgment. For example, a change in a weekend visitation schedule or even a one hour visitation schedule would be regarded as a custody issue. Thus, in my view, La. R.S. 9:335 applies to a change in a visitation schedule where the issue of fitness is irrelevant to its determination.
Granger testified that the schedule that had been in place since August 2000 “has a lot of gray areas, and it’s caused a lot of confusion and problems.” He wants the visitation to be changed to conform with what he understands to be the generally prevailing schedule in Louisiana since Barnes had moved back to the state. Granger argued that Savannah had many activities she was involved in during the summer in Alexandria and the new schedule would be more convenient for Savannah.
Barnes contends that the present schedule has been in place since August of 2000 and the best interest of Savannah would be to maintain that schedule. Both parents testified that they are flexible with the visitation schedule. Savannah’s testimony clearly articulated that she wanted the schedule to remain the same because of its “flexibility.”
Flexibility would be lost, according to Savannah, if the summer visitation schedule was modified. Savannah stated that if there are activities being held in Alexandria, then her mother would forfeit her visitation and allow Savannah to remain with her father. Conversely, when Savannah wanted to remain for an extended time with Barnes during Granger’s time of visitation she would not be allowed. She testified that Granger’s “time is going to be his time” and her father would not permit her to stay in Shreveport any longer than she is entitled to, even if Savannah may have certain scheduled activities.
Savannah’s testimony, though not determinative, is impressive. When deciding how much weight is to be given to a minor child’s testimony, this court has |Robserved that “competency and maturity, not age, are the true determining factors.” Bandy v. Bandy, 07-849, p. 14 (La.App. 3 Cir. 12/5/07), 971 So.2d 456, 465. Savannah’s level of maturity and competency are well-reflected in the record. Journal entries written by Savannah about her relationship with Granger and the articulate nature of her testimony manifest that maturity. Although a child’s testimony is usually not given a lot of emphasis, I feel that under these circumstances and with the court’s observation of Savannah as an “excellent student,” the appropriate level of maturity and competency was reached.
*168 A trial court’s findings will be given deference as long as the record suggests that its conclusions were reasonable. The record did not support the trial judge’s findings that Granger proved by a preponderance of the evidence that a change in the summer visitation schedule was in the best interest of the child. I would reverse this change in the summer visitation schedule.

Change in Transfer Time

The second issue focuses on the change of transfer time to 6:00 p.m. To determine the correctness of the trial court’s judgment, this court has to decide whether the trial judge abused his discretion in setting this transfer time.
Barnes argues that although she moved back to Louisiana, she still resides in Shreveport which has a two-hour travel time to Alexandria where Granger resides. According to Barnes, the appropriate time for transfer of Savannah should be 4:00 p.m. to allow travel time between Alexandria and Shreveport. Moreover, Barnes argues that each party typically has other minor children in their home, and the 6:00 p.m. transfer time does not allow them to coordinate their respective children’s schedules.
| /The trial court should have taken into consideration the geographical distance between the two parties’ homes when setting the new transfer time. If this time was followed, Savannah and the traveling parent would not arrive home until 8:00 p.m. at the earliest. The trial court abused its discretion and I would reverse this portion of the judgment.
For the foregoing reasons, I respectfully dissent.